Robert GREENE, Plaintiff,

v.

Douglas DAVID, Warren County Sheriff's Department, Warren County Board of Supervisors, Brian Engle, Warrensburg Volunteer Fire Co., Town Board, Town of Warrensburg, Defendants.

No. 97–CV–14(LEK/DRH).

United States District Court, N.D. New York.

Jan. 22, 1999.

Robert Greene, Warrensburg, NY, pro se.

Fitzgerald, Morris Law Firm, Glens Falls, NY, Robert P. McNally, Kathleen B. Hogan, of counsel, for defendants Douglas David, Warren County Sheriff's Department, Warren County, Board of Supervisors.

Maynard, O'Connor Law Firm, Albany, NY, Stephen C. Prudents, of counsel, for defendants Brian, Engle, Warrensburg Volunteer Fire Co.

D'Agostino, Krackeler Law Firm, Menands, NY, Brendan F. Baynes, of counsel, for defendant Warrensburg Volunteer Fire Co.

### MEMORANDUM–DECISION
### AND ORDER

KAHN, District Judge.

In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that his constitutional rights were violated by the Defendants when he was ordered to leave his property and subsequently arrested during the attempt by the Defendant Warrensburg Volunteer Fire Company ("Fire Company") to fight a fire occurring in his house. By Memorandum–Decision and Order filed on January 5, 1998, this Court granted the motion to dismiss brought by Defendants Brian Engle and the Fire Company, and similarly granted the motion to dismiss brought by Defendant Town Board, Town of Warrensburg. Presently before the Court is a motion for summary judgment pursuant to Fed. R.Civ.P. 56 and/or for judgment on the

pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons discussed below, summary judgment is granted to all remaining defendants.

## I. Facts

Resolving factual disputes in favor of the Plaintiff, the facts are as follows. On January 8, 1994, a fire started in Plaintiff's house near a propane clothes dryer. After his efforts to put the fire out were unsuccessful, Plaintiff's wife called the Warrensburg Fire Department. Brian Engle ("Engle"), Chief of the Warrensburg Fire Department, dispatched his firefighters to the scene, who arrived at Plaintiff's house shortly after receiving the call. When Engle himself arrived, he determined that the fire had spread throughout the house and called on fire departments from the neighboring Towns of Chester and Horicon for assistance.

While firefighting efforts were ongoing, Plaintiff entered the house through the cellar door to retrieve electrical equipment. Plaintiff Dep. at 28. At that time, there was a "slight bit of fire" at the stairway. Id. At some later point, Plaintiff walked around the house to an area where electric wires were hanging at about chest level. An employee of the power company shouted at Plaintiff to stay away from the wires, but Plaintiff "ignored him." Plaintiff Dep. at 38–39. Plaintiff also straightened out a kink in a firehose. Finally, Plaintiff spoke with several firefighters, telling them that they should redirect the water to a different location.

Defendant Douglas David ("David"), a Warren County Deputy Sheriff, received a dispatch while on patrol alerting him of the fire. When he arrived on the scene, Engle approached him and stated that Engle was having a problem with the Plaintiff. Engle related a number of ways in which Plaintiff had allegedly interfered with the efforts of the firefighters:

[Brian said that] the plaintiff kept repeatedly trying to drag the firefighters away by pulling on them or their hoses. He would tap on their shoulders or grab their arms in an attempt to have them direct water into the basement through the cellar doors. Mr. Greene kept interrupting the fire fighters by insisting that they direct water from their hoses into a basement rather than through a window at the northwest corner of the building. Chief Engle explained further that plaintiff had grabbed one of the hoses from the firefighters....

Brian Engle further informed [David] that on three or four occasions, he had told Mr. Greene to stand back to let them work. On each occasion, [Engle said,] plaintiff was told that he could stay but he simply had to get further back behind the men and stop interfering with them. Plaintiff would do so only to return and repeat the same behavior over and over.

On another occasion, Brian Engle explained that plaintiff had to be physically prevented from entering the basement door where plaintiff was trying [to get] into the house to remove electrical equipment. The firefighters had again repeatedly told him that he was not to go back into the house. Moreover, Brian Engle explained that there were electric wires that had burned through and were lying exposed on the ground all around the basement door and house.... Brian Engle told [David] that he was frustrated with his efforts to stop plaintiff from going near the fire and posing danger to himself and his other officers. He asked me to take plaintiff aside and to keep him back so that the firefighters could do their job.

David Aff. ¶¶ 7–8.[1] Although David did not personally see most of the alleged

---

1. The truth of many of Engle's allegations is sharply disputed by the Plaintiff, and on a defendant's motion for summary judgment, the Court cannot rely on a defendant's version of disputed events. However, the statements by Engle are cited here and will be relied upon later only for the fact that the statements were made, which is not disputed.

events, David did observe the Plaintiff attempting to get the firefighters to direct their firefighting efforts at another location. He also observed Plaintiff moving around the building in close proximity to the fire and near a number of downed electric wires.

David then approached the Plaintiff and told him "You've got to leave." Plaintiff Dep. at 48. Plaintiff stated, "This is my property." *Id.* at 51. David repeated several times that Plaintiff had to leave, finally stating, "If you don't leave, I'll arrest you right on the spot." *Id.* At this point, Plaintiff left. However, after cleaning and drying his boots at a nearby hotel, Plaintiff returned about a half an hour later, accompanied by a friend, Anthony Sapienza ("Sapienza"). They walked partly down the driveway and then stood talking. David approached, forced Plaintiff to the ground and handcuffed him. Plaintiff was then taken to the police station and charged with obstructing firefighters in violation of N.Y.Penal Law § 195.15 (McKinney 1988). Plaintiff was issued an appearance ticket charging him with the offense; however, the appearance date was ultimately adjourned in contemplation of dismissal. It is not clear whether the charge was ultimately dismissed.

## II. Discussion

### A. Standard of Review

Under Rule 56(c), summary judgment:

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it

believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fed. Deposit Ins. Corp. v. Giammettei,* 34 F.3d 51, 54 (2d Cir.1994). The substantive law determines which facts are material to the outcome of a particular litigation. *See Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *Hurwitz v. Sher,* 982 F.2d 778, 780 (2d Cir.1992).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348; *Trans Sport v. Starter Sportswear,* 964 F.2d 186, 188 (2d Cir.1992) (stating that "the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely . . . on the basis of conjecture or surmise") (citations omitted). Only when it is apparent, however, that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d Cir.1994).

### B. Claim against David

Plaintiff alleges that David violated his constitutional rights because he acted without any reason to order Plaintiff off his property. Implicitly, Plaintiff also al-

leges that he was arrested without probable cause. David argues that he had probable cause to arrest Plaintiff. The Court finds that the constitutionality of both the arrest and the ejection order depend on whether there was probable cause to believe that Plaintiff had violated the law against obstructing firefighters. Because the Court finds that probable cause existed, David's motion for summary judgment must be granted.

### 1. Arrest

■ To the extent that Plaintiff claims that he was arrested without cause, he alleges an action for false arrest in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution. However, the existence of probable cause to arrest is a complete defense to such an action. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). In general, "probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime." *Id.*

Plaintiff was arrested for allegedly violating N.Y. Penal Law § 195.15 (McKinney 1988). This provision states

A person is guilty of obstructing firefighting operations when he intentionally and unreasonably obstructs the efforts of any

1. fireman in extinguishing a fire, or prevents or dissuades another from extinguishing or helping a fire; or

2. fireman, police officer or peace officer in performing his duties in circumstances involving an imminent danger created by an explosion, threat of explosion or the presence of toxic fumes or gases.

N.Y.Penal Law § 195.15. The accompanying commentary notes that the law does not require that the obstruction be accomplished "by means of intimidation, physical force or interference, or by means of any

independently unlawful act." *Id.* (Practice Commentary) (internal quotations omitted).

■ Based on the undisputed actions of the Plaintiff which David observed, including his movement around the house and among the electrical wires and his interactions with the firefighters, and based on Engle's statement which David had no reason to doubt, the Court finds that David has probable cause to believe that Plaintiff was guilty of obstructing the efforts of firefighters. Hence, summary judgment is granted to David on the claims against him to the extent that they allege false arrest.

### 2. Eviction Order

■ David's order directing Plaintiff to leave his own property also implicates the protections under the Fourth Amendment. The Fourth Amendment protects against "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. A "seizure [of property] occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal v. Cook County, Illinois,* 506 U.S. 56, 60, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (quoting *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)). The Court has no trouble concluding that a forced ejection from property, even for a brief period, constitutes such an interference and thus a seizure of property.

■ However, whether the Fourth Amendment is violated depends upon whether the seizure was "reasonable." *See, e.g., Soldal,* 506 U.S. at 61–62, 113 S.Ct. 538. Though the test of reasonableness "is not capable of precise definition or mechanical application," *Bell v. Wolfish,* 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), it generally requires a "careful balancing of government and private interests." *Soldal,* 506 U.S. at 71, 113 S.Ct. 538 (quotations omitted); *United States v. James Daniel Good Real Proper-*

*ty,* 510 U.S. 43, 66, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

■ Where there is probable cause to believe that a party is violating the law against obstructing the efforts of firefighters, the Court finds that a person's interest in remaining on their property is outweighed by the interest in enforcing the law and the interest, which the law embodies, in enabling firefighters to perform their difficult and dangerous task without interference. It is undisputed that in this case, the seizure was limitèd to a temporary expulsion for the period of the firefighting efforts, and because the Court has found that probable cause existed to conclude that Plaintiff was obstructing the efforts of firefighters, the Court concludes that the seizure was not unreasonable. Accordingly, Plaintiff's claims, insofar as they rest on a seizure of property, must also be dismissed.

### C. Claims Against The Warren County Sheriff's Department and the Warren County Board of Supervisors

■ Plaintiff has also brought suit against defendant Warren County Sheriff's Department ("Sheriff's Department") and the Warren County Board of Supervisors ("Board"). In order to establish the liability of a municipal entity under § 1983, a plaintiff must show that a constitutional violation resulted from a municipal custom or policy. *Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996). Here, assuming without deciding that David's acts were the result of a municipal policy, they did not amount to a constitutional violation. Hence, the claims against the municipal defendants must also be dismissed.

Accordingly, it is hereby

ORDERED that the motion to dismiss brought by Defendants David, Warren County Sheriff's Department and Warren County Board of Supervisors is GRANTED and the action is therefore DISMISSED in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.